UNITED STATED BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **LISA KAY BRUMFIEL,** ) | **Case No. 11-39881 HRT** |
| ) | **Chapter 7** |
| **Debtor.** ) | |
| ) | |
| ) | |
| **U.S. BANK, N.A., as Successor Trustee to** ) | |
| **Bank of America, N.A., as Successor** ) | |
| **Trustee to LaSalle Bank, N.A., as Trustee** ) | |
| **for the Holders of the Merrill Lynch First** ) | |
| **Franklin Mortgage Loan Trust, Mortgage** ) | |
| **Loan Asset-Backed Certificates, Series** ) | |
| **2007-FF1,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LISA KAY BRUMFIEL,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

## ORDER ON MOTION FOR RELIEF FROM STAY

This matter came before the Court on the Motion for Relief From Automatic Stay under 11 U.S.C. § 362(d) (the "Motion," docket #61), filed by U.S. Bank, N.A., as Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A., as Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 ("U.S. Bank"), and the Objection thereto (docket #65), filed by the Debtor, Lisa Kay Brumfiel ("Ms. Brumfiel"). The Court held a preliminary hearing on August 6, 2014, following which the matter was taken under advisement. The Court is now prepared to rule, and hereby finds and concludes as follows.

### BACKGROUND

On or about November 14, 2006, Ms. Brumfiel signed (1) an Adjustable Rate Note (the "Note"), promising to pay the Lender, First Franklin a Division of National City Bank (the "Original Lender"), the principal amount of $169,350.00, plus interest, and (2) a Deed of Trust (the "Deed of Trust") securing the Note and encumbering real property described as follows:

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 11-39881 HRT

Lot 40, Block 3, Brookvale Subdivision Filing No. 2, County of Arapahoe, State of Colorado Commonly Known As: 1499 S. Jasper Street, Aurora, CO 80017 (the "Property"). The Deed of Trust identifies Ms. Brumfiel as the Borrower, the Original Lender as Lender, the Public Trustee of Arapahoe County, Colorado as Trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for Lender and Lender's successors and assigns, and as beneficiary.

Ms. Brumfiel made payments on the Note and Deed of Trust until June or August of 2010.[1] Since that date, Ms. Brumfiel has not made the payments required by the Note and Deed of Trust to any entity, nor has she deposited the required payments into any escrow account or court registry. Ms. Brumfiel admits that her failure to make payments constitutes a default under the Note and Deed of Trust, but she argues that her default is justified by her disbelief that the Note and Deed of Trust were properly assigned from the Original Lender to Bank of America, and subsequently to U.S. Bank.

On October 20, 2011, an Assignment of the Deed of Trust was recorded in the records of the Arapahoe County Clerk and Recorder. The Assignment states that MERS, as Nominee for the Original Lender, assigns the Deed of Trust to U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A., as Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1. Ms. Brumfiel admits that the Assignment was recorded, but disputes that it was properly signed or properly notarized, and maintains that the Deed of Trust was not properly assigned to U.S. Bank.

In October 2011, U.S. Bank commenced a non-judicial foreclosure action against the Property under Colorado Rule of Civil Procedure 120, and sought an order authorizing sale in Arapahoe County District Court case number 2011 CV 204001 (the "Rule 120 Proceeding"). Ms. Brumfiel opposed the Rule 120 Proceeding, asserting that U.S. Bank was not the real party in interest and lacked standing to foreclose.

**Ms. Brumfiel's Bankruptcy Case**

On December 30, 2011, Ms. Brumfiel filed the above-captioned Chapter 7 bankruptcy case, which automatically stayed the Rule 120 Proceeding under 11 U.S.C. § 362(a). Ms. Brumfiel's schedules, prepared with the assistance of counsel and signed under penalty of

---

[1] U.S. Bank asserts that Ms. Brumfiel's last payment was made in June of 2010. Ms. Brumfiel asserts that her last payment was made in August of 2010. The Court need not determine the specific month in which the payments ceased in order to rule on the pending Motion. Further, the Court does not determine which entity received the payments Ms. Brumfiel did make, up to June or August of 2010. Ms. Brumfiel asserts that she made all her payments to the Original Lender, but she also asserts that the Original Lender ceased operations in 2008.

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 11-39881 HRT

perjury, list the Property as owned by Ms. Brumfiel and list Bank of America as a creditor holding a secured claim on the Property. Ms. Brumfiel disclosed the pending Rule 120 Proceeding in her Statement of Financial Affairs, prepared with the assistance of counsel and filed January 13, 2012. Ms. Brumfiel did not disclose the existence of any claims or potential claims arising out of the alleged improper assignment of the Note and Deed of Trust, Bank of America or U.S. Bank's attempts to collect payments under the Note and Deed of Trust, or U.S. Bank's institution of the Rule 120 Proceeding.

Ms. Brumfiel received her Chapter 7 discharge on April 24, 2012, and her bankruptcy case was closed on May 29, 2012. As stated in the Court's order closing the case, all nonexempt property listed by Ms. Brumfiel and not administered by her bankruptcy trustee was deemed abandoned to Ms. Brumfiel pursuant to 11 U.S.C. § 554(c).

**Federal Action**

Following the closing of Ms. Brumfiel's bankruptcy case and concomitant abandonment of the Property to Ms. Brumfiel, the Rule 120 Proceeding went forward in the Arapahoe County District Court. A hearing was scheduled for October 22, 2012.

On October 12, 2012, Ms. Brumfiel brought an action in the U.S. District Court for the District of Colorado, case number 2012-CV-02716-WJM-MEH (the "Federal Action"), naming as defendants U.S. Bank, the law firm of Castle Stawiarski, which represented U.S. Bank in the Rule 120 Proceeding, and attorney Larry Castle, principal of the Castle Stawiarski law firm. In the Federal Action, Ms. Brumfiel asserted claims under 42 U.S.C. §§ 1983, 1985, and 1988, and claims for wrongful foreclosure, fraud, common law conspiracy, and intentional and negligent infliction of emotional distress. Ms. Brumfiel also sought to enjoin the Rule 120 Proceeding.

On May 6, 2013, the U.S. District Court granted an Interim Preliminary Injunction against the Public Trustee's execution of the Rule 120 Proceeding and set the matter for hearing on a full preliminary injunction. Prior to the hearing date, U.S. Bank consented to a permanent injunction against the use of the Rule 120 foreclosure process against Ms. Brumfiel and stated its intention to proceed instead with a judicial foreclosure proceeding under Colorado Rule of Civil Procedure 105.[2]

On October 2, 2013, the U.S. District Court dismissed the Federal Action, finding that Ms. Brumfiel was not the real party in interest with respect to her damages claims, which were not scheduled in her bankruptcy case and therefore not abandoned to her when the case was closed, and finding that Ms. Brumfiel's request for injunctive relief was moot, given the

---

[2] U.S. Bank filed a motion to dismiss the Rule 120 Proceeding, which the Arapahoe County District Court granted on May 21, 2013.

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 11-39881 HRT

dismissal of the Rule 120 Proceeding. Ms. Brumfiel filed a motion to reconsider the dismissal, which motion apparently remains pending before the U.S. District Court.

**Rule 105 Action**

On May 24, 2013, U.S. Bank brought its judicial foreclosure action under Rule 105 in the Arapahoe County District Court, case number 2013-CV-825 (the "Rule 105 Action"). Ms. Brumfiel removed the Rule 105 Action to the U.S. District Court, based on her pending Federal Action, but that court remanded the Rule 105 Action back to the Arapahoe County District Court by orders entered September 25, 2013, and October 4, 2013 (the latter remand following a second notice of removal).

On January 14, 2014, the Arapahoe County District Court entered an Order on several pending motions to dismiss (the "January 14 Order"). The January 14 Order resolved U.S. Bank's standing to bring the Rule 105 Action, finding as follows:

> The Court notes that at the hearing on these motions on December 9, 2013, counsel for U.S. Bank tendered to the Court what the Court finds to be the original Adjustable Rate Note ("Promissory Note") dated November 14, 2006 signed by Lisa Kay Brumfiel and made payable to the order of First Franklin A Division Of National City Bank, and which bears two endorsements, both signed in blue ink, which read:
>
>> "Pay to the order of First Franklin Financial Corporation without recourse – signed by John Holzworth, Closer, First Franklin, a division of National City Bank"
>
>> "Pay to the order of _____ without recourse First Franklin Financial Corporation - signed by John R. Holzworth, Post Closer"

January 14 Order (U.S. Bank's Exhibit K) at 3-4 (footnote omitted). Applying well-established law that the mere possession of negotiable paper payable to order, indorsed in blank, raises a legal presumption of ownership in the holder, *see Irvine v. Minshull*, 152 P. 1150, 1154 (Colo. 1915); that a security instrument follows the note, *see Stetler v. Scherrer*, 226 P. 858, 859 (Colo. 1924); that the holder of the note is entitled to enforce the note and corresponding security interest, *see id.*; Colo Rev. Stat. §§ 4-3-301, 4-1-201(b)(20); and that when a negotiable instrument is payable to bearer, negotiation occurs by delivery alone, *see Pierce v. Dezeeuw*, 824 P.2d 97, 99 (Colo. Ct. App. 1991), the Arapahoe County District Court denied Ms. Brumfiel's Motion to Dismiss the Rule 105 Action for U.S. Bank's lack of standing. That court further held that Ms. Brumfiel did not have standing to bring her claims for monetary damages, for the same reasons as stated by the U.S. District Court in the Federal Action – those claims remained

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 11-39881 HRT

property of Ms. Brumfiel's bankruptcy estate – and even if Ms. Brumfiel had standing to pursue her damages claims, they would be subject to dismissal on their merits. The January 14 Order dismissed all of Ms. Brumfiel's pending claims and set U.S. Bank's claim for judicial foreclosure for trial.

On February 28, 2014, the Arapahoe County District Court denied Ms. Brumfiel's motion for reconsideration of that court's January 14 Order. Also on February 28, 2014, the Arapahoe County District Court entered its Order re Motion for Summary Judgment and Decree of Foreclosure (the "Summary Judgment Order"), granting U.S. Bank's motion for summary judgment and finding as follows:

> The Plaintiff [U.S. Bank] is in possession of the original Note and Deed of Trust which have been tendered to the Court, and true and correct copies of which are on file in the Court record as Exhibits A & B filed by the Plaintiff on May 17 and 20, 2013. The Original Note is endorsed in blank, and assignment of the Deed of Trust dated October 4, 2011 has been recorded with the Arapahoe County Clerk and Recorder on October 20, 2011 at Reception No. D1102742.

Summary Judgment Order (U.S. Bank's Exhibit M) at 2. The Summary Judgment Order concluded that U.S. Bank was entitled to an order of judicial foreclosure and directed that the Property be sold by the Sheriff of Arapahoe County.

**Bankruptcy Court Proceedings**

On February 27, 2014, Ms. Brumfiel, through counsel, filed with this Court her Motion to Reopen Case Pursuant to 11 U.S.C. § 350(b) (the "Motion to Reopen," docket #29). The Motion to Reopen stated that Ms. Brumfiel sought to reopen her bankruptcy case in order to file motions to avoid liens on the Property. The Motion to Reopen did not mention the status of the Property, nor did it disclose the pendency of the Rule 105 Action. The Motion to Reopen did not request imposition of a stay of any proceedings in any court. The Motion to Reopen was accompanied by a certificate of service, which does not reflect service on U.S. Bank or its counsel. The Court granted the Motion to Reopen by order entered March 4, 2014.

On April 1, 2014, Ms. Brumfiel, through counsel, filed her motions to avoid liens (docket ## 33, 35/51, 37/52). Each motion represents that the Property is encumbered by a first priority lien held by U.S. Bank. No party filed an objection to the motions to avoid liens, and the Court granted each motion by orders entered June 24 and 25, 2014 (docket ##50, 53, 54)

On May 23, 2014, Ms. Brumfiel, through counsel, filed a motion seeking the reappointment of her Chapter 7 Trustee (docket #39), asserting as grounds therefor that counsel had negotiated the Trustee's abandonment of Ms. Brumfiel's damages claims. The motion for reappointment of the Trustee was accompanied by a certificate of service reflecting service on

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 11-39881 HRT

U.S. Bank, through counsel. The Court authorized appointment of a Chapter 7 Trustee by order entered June 20, 2014 (docket #47), and David Lewis (the "Trustee") was reappointed on June 23, 2014 (docket #49).

On July 3, 2014, the Trustee filed a Notice Pursuant to Bankruptcy Rule 6007(a) of Trustee's Intent to Abandon (docket #58), regarding "any claim for avoidance, recovery, fraud, or other basis, asserted by the debtor against purported lienholders, or their successors, assigns or affiliates claiming an interest in the real property owned by the debtor and claimed as her homestead, whether currently asserted or asserted at some future date." The Trustee's Notice was accompanied by a certificate of service reflecting service on the entire creditor matrix.

On July 15, 2014, U.S. Bank filed the instant Motion, requesting relief from the automatic stay in order to proceed with the sheriff's sale of the Property. Ms. Brumfiel, through counsel, timely filed her Objection, arguing that the documents that U.S. Bank had presented to the Arapahoe County District Court were forgeries or counterfeit documents and that U.S. Bank was not the real party in interest. In support of her Objection, Ms. Brumfiel filed her Exhibits 1-3, including a report of Gary Michaels, forensic document examiner, who examined the relevant documents on June 11, 2014.

This Court's record does not contain a record of any further proceedings before the Arapahoe County District Court following its entry of the Summary Judgment Order, but at the August 6 hearing, the parties represented to this Court that the Arapahoe County District Court Judge has refused to release to the parties the documents that were submitted to that court as part of the Rule 105 Action. Thus, U.S. Bank was unable to present to this Court the document that was previously held to be the original Note.

At the August 6 hearing, U.S. Bank tendered its Exhibits A through Q, S, and T. Ms. Brumfiel objected to exhibits P and Q, which U.S. Bank represented to be copies of the original Note and Deed of Trust, and T, the Arapahoe County District Court's certified copy of documents held by that court. The Court took those exhibits' admission under advisement. Upon further review, the Court finds that the documents should be admitted for the purpose of demonstrating a colorable claim to an interest in the Property.[3] The Court does not make any determination as to their validity, given the pendency of the matter before the Arapahoe County District Court. U.S. Bank's exhibits A through Q, S, and T are therefore admitted. The Court also admits Ms. Brumfiel's Exhibits 1 through 3, filed contemporaneously with her Objection on July 30, 2014 (docket #67).

---

[3] The best evidence rule provides that "[a]n original is not required and other evidence of the content of a writing, recording, or photograph is admissible if . . . an original cannot be obtained by any available judicial process." FED. R. EVID. 1004((b).

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 11-39881 HRT

## DISCUSSION

As an initial matter, the Court must consider whether the automatic stay applies to the Property. The Court will next consider whether the stay, if applicable, should be lifted.

### A. Applicability of the Automatic Stay

Ms. Brumfiel's filing of her Chapter 7 bankruptcy petition imposed an automatic stay applicable to the Property, as set forth in 11 U.S.C. § 362(a). That stay terminated on May 29, 2012, when the bankruptcy case was closed, and the Property was deemed abandoned to Ms. Brumfiel by the terms of this Court's order and by operation of 11 U.S.C. § 554(c). The question before the Court is whether the Court's reopening of Ms. Brumfiel's bankruptcy case on March 4, 2014, reimposed the automatic stay as to the Property.

The Court has considered cases such as *In re Burke*, 198 B.R. 412 (Bankr. S.D. Ga. 1996), and *In re Trevino*, 78 B.R. 29 (Bankr. M.D. Pa. 1987), holding that reopening a Chapter 7 bankruptcy case does not reimpose the automatic stay, because only the filing of a petition imposes an automatic stay. Reopening a bankruptcy case, which may be accomplished on limited notice and a showing that reopening would "accord relief to the debtor, or for other cause," *see* 11 U.S.C. § 350, does not bear the significance that filing a petition does; instead, reopening "is a ministerial act that has no substantive effect in and of itself." *In re Frazer/Exton Development, L.P.*, 503 B.R. 620 (Bankr. E.D. Pa. 2013). Nothing in the language of § 350 indicates that reopening causes a reimposition of the automatic stay, and the Court's research has not revealed any decision so holding, in a Chapter 7 context. While some courts have held that a bankruptcy court could decide to impose a stay after reopening, under 11 U.S.C. § 105, *see In re Crocker*, 362 B.R. 49 (1st Cir. BAP 2007), here no such stay was requested by Ms. Brumfiel nor imposed by this Court.

The Court has also considered *In re Diviney*, 211 B.R. 951 (Bankr. N.D. Okla. 1997), *aff'd*, 225 B.R. 762 (B.A.P. 10th Cir. 1998), *abrogated on other grounds by In re Johnson*, 501 F.3d 1163 (10th Cir. 2007). *Diviney* was a Chapter 13 case that had been dismissed for the debtors' failure to make plan payments, but was subsequently reinstated. The *Diviney* court found that the reinstatement order vacated the prior dismissal order, and restored the Chapter 13 case to its pre-dismissal position. Here, the Court's order reopening Ms. Brumfiel's case did not vacate the prior order closing the case, nor did it restore the case to its pre-dismissal position. For example, the Trustee was not automatically reappointed. Further, in *Diviney*, the Bankruptcy Appellate Panel specifically distinguished the reopening of the Chapter 13 case from that of a Chapter 7 case, stating: "By contrast, reopening a Chapter 7 case after a discharge has been granted and the case has been closed is different from reinstating a Chapter 13 case, and courts have held the stay is not automatically reimposed in that situation, especially for matters unrelated to the purpose of reopening the case." 225 B.R. at 771. Here, Ms. Brumfiel's case was reopened for the limited purpose of avoiding liens, which Ms. Brumfiel accomplished by

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 11-39881 HRT

representing that there was no equity in the Property due to the first position lien of U.S. Bank. The motions to avoid liens, which relied on the existence of U.S. Bank's debt, cannot be considered to be related to any proceeding to challenge U.S. Bank's debt or any proceeding to foreclose on the Property, particularly in the absence of any notice to U.S. Bank of the Motion to Reopen.

The Court finds that the reopening of Ms. Brumfiel's case did not reimpose the automatic stay as to the Property. Because there is no stay, there is no need for relief from stay, and the parties are free to pursue their state-law rights in the Arapahoe County District Court or other court of appropriate jurisdiction.

### B. Lifting of the Stay

In the alternative to Subsection A, assuming for discussion purposes that a stay applies to the Property, the Court will discuss whether to grant relief from the stay under 11 U.S.C. § 362(d). As an initial matter, the Court must determine whether U.S. Bank has sufficiently shown that it is a "party in interest" with standing to obtain relief from stay. *In re Miller*, 666 F.3d 1255 (10th Cir. 2012).

In *Miller*, the Tenth Circuit Court of Appeals held that a standing determination made in a Rule 120 proceeding had no preclusive effect, and that a creditor seeking relief from stay in order to proceed with foreclosure must produce evidence of a right to payment, such as an original note. *Id.* at 1262-63. When the creditor in *Miller* did not present any evidence showing that it had possession of the original note, the Tenth Circuit held that the bankruptcy court erred in granting relief from stay. *Id.* Ms. Brumfiel argues that *Miller* similarly requires denial of U.S. Bank's Motion. This Court disagrees.

The *Miller* court's concerns about the preclusive effect of a standing determination made in a Rule 120 proceeding have no applicability to a standing determination made in a Rule 105 proceeding. Unlike a Rule 120 proceeding, a Rule 105 proceeding is adversarial and is designed to provide a complete adjudication of rights to property. *See* Colo. R. Civ. P. 105(a) ("The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties."). In this case, the Arapahoe County District Court twice made a specific finding that U.S. Bank held the original Note, in the January 14 Order (which was certified as a final order under Colo. R. Civ. P. 54(b)) and the Summary Judgment Order (which is a final order).

Even if this Court did not find the Arapahoe County District Court's determination of standing to have preclusive effect, the Court nevertheless finds that U.S. Bank has presented sufficient evidence of possession to show standing to proceed in the Arapahoe County District Court. U.S. Bank has presented to that court a document that purports to be an original document. This Court cannot review the document to make a contrary determination, while the

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 11-39881 HRT

document remains in the custody of the Arapahoe County District Court. To the extent that the Arapahoe County District Court Judge wishes to proceed with further review of the documents, the pendency of such review, along with concerns for judicial economy and avoidance of inconsistent determinations of factual issues, provide further support for this Court's granting relief from stay so that the Arapahoe County District Court can proceed with its review.

Relief from stay is a summary proceeding, to be determined on an expedited basis. It is not a full determination on the merits. The role of this Court is limited, and does not include a final determination of whether the documents presented to the Arapahoe County District Court are authentic. Relief from stay does not require U.S. Bank to prove by the preponderance of the evidence that it is the holder of the original Note. Instead, U.S. Bank is required to show a "colorable claim" to an interest in the Property. As the Tenth Circuit Bankruptcy Appellate Panel recently held:

> "[G]iven the summary and expedited nature of stay litigation, and its non-preclusive effect, the evidence necessary to establish standing to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable state law to enforce the mortgage; however, standing should not require evidence which would be necessary to prevail over a claim objection or to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien.

*In re Thomas*, 469 B.R. 915, 923 (10th Cir. BAP 2012), *aff'd*, 2014 WL 3720292 (10th Cir. 2014). Here, the Court finds that U.S. Bank has made a colorable claim that it has an interest in the Note and the right to enforce the Deed of Trust and has sufficiently established standing to seek relief from stay.

Turning to the merits of the Motion, the Court finds that U.S. Bank has shown "cause" for relief from stay under 11 U.S.C. § 362(d)(1), as no payments have been made since the summer of 2010, and Ms. Brumfiel has neither maintained insurance on the Property nor paid applicable property taxes. U.S. Bank's interest in the Property is not adequately protected.

The Court further finds that U.S. Bank has shown grounds for relief from stay under 11 U.S.C. § 362(d)(2). The parties do not dispute that there is no equity in the Property. The Property cannot be necessary for an effective reorganization, as this is not a reorganization case. It is a Chapter 7 liquidation case. *See In re Kelly*, 125 B.R. 301, 303 (Bankr. D. Kan. 1991) (noting that in a case filed under Chapter 7 "effective reorganization is not necessary"). The Trustee has not appeared to argue that the Chapter 7 estate has any interest in the Property, and the Court finds none.

Page 9 of 11

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 11-39881 HRT

The Court's August 6, 2014, hearing on the Motion was a preliminary hearing. Following a preliminary hearing, the stay remains in effect pending a final hearing only if the Court finds that "there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing." 11 U.S.C. § 362(e)(1). Here, the Court finds no such "reasonable likelihood" and will grant relief under 11 U.S.C. §§ 362(d)(1) and (d)(2).

In granting relief from stay, the Court makes no determination of U.S. Bank's interest in the Property. A hearing on a motion for relief from stay is a summary proceeding and is not a proceeding where a bankruptcy court adjudicates substantive rights. As the First Circuit Court of Appeals held:

> [A] court hearing a motion for relief from stay should seek only to determine whether the party seeking relief has a colorable claim to property of the estate. The statutory and procedural schemes, the legislative history, and the case law all direct that the hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims. Rather, it is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property. If a court finds that likelihood to exist, this is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay.

*Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33-34 (1st Cir. 1994), *quoted in In re Roberts*, 367 B.R. 677 (Bankr. D. Colo. 2007). Lifting the automatic stay allows the parties to pursue their rights in the appropriate court. The Court will grant the Motion in order to allow the parties to enforce their rights in Arapahoe County District Court, or other court of appropriate jurisdiction.

## CONCLUSION

For the reasons discussed above, the Court finds that there is no stay applicable to the Property. In the alternative, to the extent that a stay applies, U.S. Bank has sufficiently demonstrated standing as well as the requirements of 11 U.S.C. § 362(d)(1) and (2), and is entitled to relief from stay. Therefore, the Motion will be granted.

ORDER ON MOTION FOR RELIEF FROM STAY
Case No. 11-39881 HRT

      Accordingly, it is HEREBY ORDERED that the Motion is GRANTED. The parties may proceed in the Arapahoe County District Court, the U.S. District Court, or any other court with appropriate jurisdiction.

      Dated this __13th__ day of August, 2014.

BY THE COURT:

*Howard Tallman*

Howard R. Tallman, Chief Judge
United States Bankruptcy Court

Page 11 of 11